# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**AUSTIN THOMAS NOEL,**

    Defendant.

CASE NO. 1:23-cr-32
HON. ROBERT J. JONKER
United States District Judge

---

**TIMOTHY VerHEY  (P41436)**
United States Attorney

**MARK A. LINTON (P66503)**
Attorney for Defendant-Movant

---

## DEFENDANT'S AMENDED PETITION FOR HABEAS CORPUS RELIEF UNDER 28 U.S.C. § 2255

GHOST ATTORNEY LEGAL SERVICES
**MARK A. LINTON (P66503)**
1331 Horton Road
Jackson, MI  49203
(517) 993-9555
ghostattorney@gmail.com

NOW COMES Defendant, **AUSTIN THOMAS NOEL**, by and through his attorney, **MARK A. LINTON (P66503)**, submits this Amended Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2255 as follows:

1. On February 9, 2026, the Defendant filed a Motion for Relief from Judgment pursuant to FRCP 60(b) to challenge the constitutionality of his confinement.  (ECF No. 46).

2. On February 11, 2026, this Court entered an Order providing the Defendant with the option of withdrawing the aforementioned Motion or in the alternative to file an Amended Petition for Habeas Corpus under 28 U.S.C. § 2255.  (ECF No. 47).

3. The Defendant elects to file this Amended Petition seeking Habeas Corpus Relief pursuant to 28 U.S.C. § 2255 because his Trial Counsel was Constitutionally ineffective for failing to consult with an expert on forensic interview techniques, which effectively denied the Defendant of any defense in this case.

4. The Defendant recognizes that his first burden to overcome in establishing a right to relief is the one-year statute of limitations contained in the AEDPA, 28 U.S.C. 2255(f) because the Judgment in a Criminal Case was entered on September 15, 2023.  (ECF No. 42)

5. The Defendant submits that equitable tolling does apply in this case because he is untrained in the law, diligently pursued his rights that included him pleading his guilty at the instruction of his Trial Counsel, and has since pleading

guilty learned that his Trial Counsel performed at a deficient level by failing to consult with and/or interview an expert on the forensic interviewing process.  (The Defendant believes that the deficient performance of Trial Counsel prejudiced his case by denying him a critical stage in the proceedings.)

6.  Defendant's lack of training in the law and reliance on Trial Counsel caused delay in the filing of this Petition.

7.  Defendant upon learning of the error of Trial Counsel has diligently pursued relief from this Court.

8.  Defendant, respectfully, believes that equitable tolling applies to this Petition, which should not be time-barred by the AEDPA.

9.  Petitioner is a citizen of the United States.

10.  Petitioner is currently a resident of the FCI Elkton, 8730 Scroggs Road, Lisbon, OH  44432.

11.  Petitioner's incarceration arises from his federal conviction in this case wherein he plead guilty as part of a Plea Agreement (ECF No. 24) to Sexual Exploitation of a Minor and Attempted Sexual Exploitation of a Minor in violation of Title 18, United States Code, Section 2251(a).

12.  On September 15, 2023, this District Court entered a Judgment in a Criminal Case (ECF No. 42) that sentenced the Defendant to the Bureau of Prisons (BOP) for a term of 210 months and the following:

      \*mental health assessment and treatment
      \*sex offender assessment and treatment
      \*educational and vocational training
      \*7 years of supervised release

13.  The Defendant has been continuously incarcerated with the BOP since the date of his sentencing.

14.  The Defendant did not seek appellate relief of his conviction and Judgment in a Criminal Case.

15.  The time for taking an appeal has now past.

16.  Defendant was represented by Attorney Thomas Smith (P44764) during the pretrial phase of these proceedings, during the entry of his plea, and during his sentencing hearing.

16.  The Defendant relies on 28 U.S.C. § 2255, and the grace contained in the Court's February 11, 2026, Order (ECF No. 42), in making this Petition because he suffered from ineffective assistance of counsel in the pretrial and plea phases of these proceedings.

17.  The Defendant submits that if the District Court were to reject this Petitioner then he would have no avenue for raising his claims of ineffective assistance of counsel.

WHEREFORE, Defendant Austin Thomas Noel moves this Honorable Court pursuant to 28 U.S.C. § 2255 for relief from his guilty plea and Judgment in a

Criminal Case for the reasons stated herein and in the accompanying Memorandum of Law in Support of this Motion.

Respectfully submitted,
GHOST ATTORNEY LEGAL SERVICES

By: /s/ Mark A. Linton
**MARK A. LINTON (P66503)**
Attorney for Defendant

March 10, 2026

## STATEMENT OF VERIFICATION

I, **MARK A. LINTON**, an attorney duly licensed by the State Bar of Michigan and acting in my capacity as attorney for the Defendant, do hereby declare and verify under penalty of perjury that the Defendant's Amended Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2255 is true and accurate to the best of my knowledge, information and belief.

By: /s/ Mark A. Linton
**MARK A. LINTON (P66503)**
Attorney for Defendant

March 10, 2026